UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON TERRY HARTSFIELD, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-05542 |
| R1 RCM, INC. d/b/a MEDICAL FINANCIAL SOLUTIONS, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes BRANDON TERRY HARTSFIELD ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of R1 RCM, INC. d/b/a MEDICAL FINANCIAL SOLUTIONS ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains its corporate headquarters in the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a natural "person" over 18 years-of-age as defined by 47 U.S.C. §153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6. Defendant provides revenue cycle management for healthcare providers in the United States. Defendant's principal place of business is located at 401 North Michigan Avenue, Chicago, Illinois, and it regularly attempts to collect upon consumers in Illinois.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

11. In early 2016, Plaintiff started receiving calls to his cellular phone, (313) XXX-5097, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5097. Plaintiff is and always has been financially responsible for the cellular phone and its services.

2

13. Upon speaking with Defendant, Plaintiff was informed that it was attempting reach an individual that he was not familiar with. Plaintiff believes the name of this individual is Eric Austin Ellington.

14. Defendant was calling Plaintiff's cellular phone seeking the collection of medical debt.

15. Not recognizing the named individual, Plaintiff informed Defendant that it was contacting the wrong person and to cease calling.

16. Despite Plaintiff's advisement that it was calling the wrong party, Defendant has continued to call his cellular phone though the present.

17. Defendant most often calls Plaintiff from phone number (877) 295-8833. Defendant has used other numbers as well.

18. Upon information and belief, the above numbers is regularly utilized by Defendant during its debt collection activity.

19. When answering calls from Defendant, Plaintiff is subjected to a noticeable pause, several seconds in length, before being connected to a live representative.

20. On July 26, 2017, in response to continuing calls, Plaintiff called Defendant with the goal of once again instructing it to stop calling. During this call Plaintiff was connected with a representative of Defendant named Ashley.

21. Plaintiff provided Ashley with his phone number but was instructed that she could not look up an account without the name of the medical provider the call was in reference to. Because Plaintiff did not have any debt placed with Defendant he could not give it a medical provider's name.

22. In response Defendant advised Plaintiff to wait for a call back.

23. Not wanting calls to continue and unable to get assurances from Defendant that they would stop, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

24. Defendant has placed a litany of calls to Plaintiff after being advised it was calling the wrong party.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions. Defendant's conduct has served to mislead and confuse Plaintiff regarding his rights.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

   **a. Violations of FDCPA §1692c(a)(1), c(b), and §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), c(b), d, and d(5) when it continuously called Plaintiff after being notified it was calling the wrong person and advised to stop. Defendant continued to call Plaintiff for the purposes of debt collection even after being told it was calling the wrong party.

This repeated behavior of systematically calling Plaintiff's phone over and over despite his demands to stop has been harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of harassing him into submission. Plaintiff was a third-party when it came to Defendant's debt collection activity. Yet despite the fact that he did not owe Defendant any money, Defendant continued to contact him.

    **b. Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect from Plaintiff. Despite being told to stop calling, Defendant continued to relentlessly contact Plaintiff in a deceptive attempt to force him to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it did not have consent to do so. Defendant's conduct displays a desire to receive payment even if the source of such payment had no financial obligation to it.

    **c. Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff when it had no permission to do so, as well as after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls

without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to confuse Plaintiff.

35. As pled in paragraphs 23 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BRANDON TERRY HARTSFIELD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

38. Defendant used an ATDS in connection with its communications directed towards

6

Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced during answered calls before being connected to a live representative is typical of an ATDS. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

39. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff had no business relationship with Defendant and therefore could not have granted it consent to call. Even if Defendant somehow had permission to call Plaintiff's cellular phone number, such consent was revoked by Plaintiff's demands..

40. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

41. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, BRANDON TERRY HARTSFIELD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 28, 2017 Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 630-568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com